FILED

2012 JUL 27 PM 3: 58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   ANDREW BROWN (No. 172009)
4  Assistant United States Attorney
       1100 United States Courthouse
5      312 North Spring Street
       Los Angeles, California 90012
6      Telephone: (213) 894-0102
       Facsimile: (213) 894-6269
7      Email: andrew.brown@usdoj.gov
   Attorneys for Plaintiff
8  UNITED STATES OF AMERICA

9

10              UNITED STATES DISTRICT COURT

11        FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,      )  CR No. 12-592(A)-R
                                   )
13                 Plaintiff,      )  PLEA AGREEMENT FOR DEFENDANT
                                   )  LABAKE ADEJOKE ONIFADE
14            v.                   )
                                   )
15  MARIAM SALAU,                  )
    LABAKE ADEJOKE ONIFADE,        )
16  ENO MONDAY EKONG, and          )
    OLASODE AJAO AJALA,            )
17                                 )
                                   )
18              Defendants.        )
                                   )
19  _____

20      1.  This constitutes the plea agreement between LABAKE

21  ADEJOKE ONIFADE ("defendant") and the United States Attorney's

22  Office for the Central District of California ("the USAO") in the

23  above-captioned case.  This agreement is limited to the USAO and

24  cannot bind any other federal, state, local, or foreign

25  prosecuting, enforcement, administrative, or regulatory

26  authorities.

27  ///

28

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a) Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the first superseding information in this case, which charges defendant with conspiracy to commit wire fraud affecting a financial institution, in violation of 18 U.S.C. §§ 1349 and 1343.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h) Not bring a post-conviction collateral attack on the conviction or sentence in this case except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

1            i) Not move to withdraw defendant's guilty plea in this

2 case.

3            j) Not file a notice of appeal in this case, unless the

4 term of imprisonment imposed exceeds six years.

5                        THE USAO'S OBLIGATIONS

6    3.   The USAO agrees to:

7            a) Not contest facts agreed to in this agreement.

8            b) Not prosecute defendant for violations of 18 U.S.C.

9 § 1028A based on the discovery provided. Defendant understands

10 that the USAO is free to criminally prosecute defendant for any

11 other unlawful past conduct or any unlawful conduct that occurs

12 after the date of this agreement. Defendant agrees that at the

13 time of sentencing the Court may consider the uncharged conduct

14 in determining the applicable Sentencing Guidelines range, the

15 propriety and extent of any departure from that range, and the

16 sentence to be imposed after consideration of the Sentencing

17 Guidelines and all other relevant factors under 18 U.S.C. §

18 3553(a).

19                        NATURE OF THE OFFENSE

20    4.   Defendant understands that for defendant to be guilty of

21 conspiracy to commit wire fraud, in violation of Title 18, United

22 States Code, Section 1349, the following must be true: First,

23 during the time period alleged in the first superseding

24 information there was an agreement between two or more persons to

25 commit wire fraud; Second, defendant became a member of the

26 conspiracy knowing of its object and intending to help accomplish

27 it. The elements of wire fraud, in turn, are as follows: First,

28 defendant knowingly devised or participated in a scheme to

1  defraud, or a scheme for obtaining money by means of false

2  pretenses; second, the statements made or facts omitted as part

3  of the scheme were material, that is, they had a natural tendency

4  to influence, or were capable of influencing, a person to part

5  with money; third, defendant acted with intent to defraud, that

6  is, the intent to deceive or cheat; fourth, defendant used, or

7  caused to be use, wire communications in interstate or foreign

8  commerce to carry out or attempt to carry out an essential part

9  of the scheme; and fifth, the fraud affected a federally-insured

10 financial institution.

11                    PENALTIES AND RESTITUTION

12     5.  Defendant understands that the statutory maximum

13 sentence that the Court can impose for this violation of Title

14 18, United States Code, Sections 1349 and 1343, is: 30 years

15 imprisonment; a five-year period of supervised release; a fine of

16 $1,000,000; and a mandatory special assessment of $100.

17     6.  Defendant understands that supervised release is a

18 period of time following imprisonment during which defendant will

19 be subject to various restrictions and requirements.  Defendant

20 understands that if defendant violates one or more of the

21 conditions of any supervised release imposed, defendant may be

22 returned to prison for all or part of the term of supervised

23 release authorized by statute for the offense that resulted in

24 the term of supervised release, which could result in defendant

25 serving a total term of imprisonment greater than the statutory

26 maximum stated above.

27     7.  Defendant understands that, by pleading guilty,

28 defendant may be giving up valuable government benefits and

                                4

1  valuable civic rights, such as the right to vote, the right to
2  possess a firearm, the right to hold office, and the right to
3  serve on a jury.  Defendant understands that once the court
4  accepts defendant's guilty plea, it will be a federal felony for
5  defendant to possess a firearm or ammunition.  Defendant
6  understands that the conviction in this case may also subject
7  defendant to various other collateral consequences, including but
8  not limited to revocation of probation, parole, or supervised
9  release in another case and suspension or revocation of a
10  professional license.  Defendant understands that unanticipated
11  collateral consequences will not serve as grounds to withdraw
12  defendant's guilty plea.

13      8.    Defendant understands that, if defendant is not a
14  United States citizen, the felony conviction in this case may
15  subject defendant to: removal, also known as deportation, which
16  may, under some circumstances, be mandatory; denial of
17  citizenship; and denial of admission to the United States in the
18  future.  The court cannot, and defendant's attorney also may not
19  be able to, advise defendant fully regarding the immigration
20  consequences of the felony conviction in this case.  Defendant
21  understands that unexpected immigration consequences will not
22  serve as grounds to withdraw defendant's guilty plea.

23      9.    Defendant understands that defendant will be required to
24  pay full restitution to the victims of the offenses to which
25  defendant is pleading guilty.  Defendant agrees that, in return
26  for the USAO's compliance with its obligations under this
27  agreement, the Court may order restitution to persons other than
28  the victims of the offenses to which defendant is pleading guilty

5

1  and in amounts greater than those alleged in the counts to which

2  defendant is pleading guilty.  In particular, defendant agrees

3  that the Court may order restitution to any victim of any of the

4  following for any losses suffered by that victim as a result: (a)

5  any relevant conduct, as defined in U.S.S.G. § 1B1.3, in

6  connection with the offenses to which defendant is pleading

7  guilty.

8                          FACTUAL BASIS

9      10.  Defendant admits that defendant is, in fact, guilty of

10 the offense to which defendant is agreeing to plead guilty.

11 Defendant and the USAO agree to the statement of facts provided

12 below and agree that this statement of facts is sufficient to

13 support defendant's guilty plea, but is not meant to be a

14 complete recitation of all facts relevant to the underlying

15 criminal conduct or all facts known to either party that relate

16 to that conduct.

17         Beginning in or before September, 2011, and continuing
           through May 24, 2012, there was an agreement between
18         more than two persons to commit wire fraud.  Defendant
           became a member of the conspiracy knowing of its object
19         and intending to help accomplish it.  Defendant and
           defendant's co-conspirators would use cards that had
20         their magnetic strips re-encoded with the credit card
           information of victims of identity theft to make ATM
21         cash withdrawals as well as purchases of merchandise
           and gift cards.  In furtherance of the conspiracy, on
22         May 19, 2012, defendant used a card that had been re-
           encoded with a victim's World's Foremost Bank Visa card
23         information to purchase items at the Target store in
           Long Beach, which caused an interstate wire
24         communication.  Federally-insured financial
           institutions which suffered actual losses as a result
25         of this conspiracy include Bank of America, World's
           Foremost Bank, Schools First Federal Credit Union,
26         Discover, and Truliant Federal Credit Union.

27

28

                                  6

1             NO AGREEMENT AS TO SENTENCING FACTORS

2      11.  Defendant understands that in determining defendant's

3 sentence the Court is required to calculate the applicable

4 Sentencing Guidelines range and to consider that range, possible

5 departures under the Sentencing Guidelines, and the other

6 sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant

7 understands that the Sentencing Guidelines are advisory only,

8 that defendant cannot have any expectation of receiving a

9 sentence within the calculated Sentencing Guidelines range, and

10 that after considering the Sentencing Guidelines and the other

11 § 3553(a) factors, the Court will be free to exercise its

12 discretion to impose any sentence it finds appropriate up to the

13 maximum set by statute for the crimes of conviction.

14      12.  Defendant and the USAO have no agreement as to the

15 appropriate sentence or the applicable Sentencing Guidelines

16 factors.  Both parties reserve the right to seek any sentence

17 within the statutory maximum, and to argue for any criminal

18 history score and category, base offense level, specific offense

19 characteristics, adjustments, departures, and variances.

20      13.  Defendant and the USAO reserve the right to argue for a

21 sentence outside the sentencing range established by the

22 Sentencing Guidelines based on the factors set forth in 18 U.S.C.

23 § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

24               WAIVER OF CONSTITUTIONAL RIGHTS

25      14.  Defendant understands that by pleading guilty,

26 defendant gives up the following rights:

27             a) The right to persist in a plea of not guilty.

28             b) The right to a speedy and public trial by jury.

1    c) The right to be represented by counsel – and if
2  necessary have the court appoint counsel – at trial.  Defendant
3  understands, however, that, defendant retains the right to be
4  represented by counsel – and if necessary have the court appoint
5  counsel – at every other stage of the proceeding.
6    d) The right to be presumed innocent and to have the
7  burden of proof placed on the government to prove defendant
8  guilty beyond a reasonable doubt.
9    e) The right to confront and cross-examine witnesses
10 against defendant.
11   f) The right to testify and to present evidence in
12 opposition to the charges, including the right to compel the
13 attendance of witnesses to testify.
14   g) The right not to be compelled to testify, and, if
15 defendant chose not to testify or present evidence, to have that
16 choice not be used against defendant.
17   h) Any and all rights to pursue any affirmative
18 defenses, Fourth Amendment or Fifth Amendment claims, and other
19 pretrial motions that have been filed or could be filed.
20                  WAIVER OF APPEAL OF CONVICTION
21   15. Defendant understands that, with the exception of an
22 appeal based on a claim that defendant's guilty plea was
23 involuntary, by pleading guilty defendant is waiving and giving
24 up any right to appeal defendant's conviction on the offenses to
25 which defendant is pleading guilty.
26            LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE
27   16. Defendant agrees that, provided the Court imposes a
28 total term of imprisonment on all counts of conviction of no more

8

than six years in prison, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $5,000,000; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the conditions of probation or supervised release imposed by the Court.

17. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

18. The USAO gives up its right to appeal any portion of the sentence.

WAIVER OF RETURN OF DIGITAL DATA

19. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

9

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this

10

agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the

11

1  Federal Rules of Criminal Procedure, or any other federal rule,
2  that the statements or any evidence derived from the statements
3  should be suppressed or are inadmissible.

COURT AND PROBATION OFFICE NOT PARTIES

5      24.  Defendant understands that the Court and the United
6  States Probation Office are not parties to this agreement and
7  need not accept any of the USAO's sentencing recommendations or
8  the parties' agreements to facts or sentencing factors.

9      25.  Defendant understands that both defendant and the USAO
10  are free to: (a) supplement the facts by supplying relevant
11  information to the United States Probation Office and the Court,
12  (b) correct any and all factual misstatements relating to the
13  Court's Sentencing Guidelines calculations and determination of
14  sentence.  While this paragraph permits both the USAO and
15  defendant to submit full and complete factual information to the
16  United States Probation Office and the Court, even if that
17  factual information may be viewed as inconsistent with the facts
18  agreed to in this agreement, this paragraph does not affect
19  defendant's and the USAO's obligations not to contest the facts
20  agreed to in this agreement.

21      26.  Defendant understands that even if the Court ignores
22  any sentencing recommendation, finds facts or reaches conclusions
23  different from those agreed to, and/or imposes any sentence up to
24  the maximum established by statute, defendant cannot, for that
25  reason, withdraw defendant's guilty plea, and defendant will
26  remain bound to fulfill all defendant's obligations under this
27  agreement.  Defendant understands that no one -- not the
28  prosecutor, defendant's attorney, or the Court -- can make a

12

1   binding prediction or promise regarding the sentence defendant

2   will receive, except that it will be within the statutory

3   maximum.

4                    <u>NO ADDITIONAL AGREEMENTS</u>

5        27.   Defendant understands that, except as set forth herein,

6   there are no promises, understandings, or agreements between the

7   USAO and defendant or defendant's attorney, and that no

8   additional promise, understanding, or agreement may be entered

9   into unless in a writing signed by all parties or on the record

10  in court.

11  ///

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney


_____                    July 18, 2012

ANDREW BROWN
Assistant United States Attorney


_____                    7/19/2012
LABAKE ADEJOKE ONIFADE                              Date
Defendant


_____                    7/19/2012
ANTHONY EGBASE                                      Date
Attorney for Defendant
LABAKE ADEJOKE ONIFADE

14

<u>CERTIFICATION OF DEFENDANT</u>

1

2     I have read this agreement in its entirety.  I have had

3  enough time to review and consider this agreement, and I have

4  carefully and thoroughly discussed every part of it with my

5  attorney.  I understand the terms of this agreement, and I

6  voluntarily agree to those terms.  I have discussed the evidence

7  with my attorney, and my attorney has advised me of my rights, of

8  possible pretrial motions that might be filed, of possible

9  defenses that might be asserted either prior to or at trial, of

10 the sentencing factors set forth in 18 U.S.C. § 3553(a), of

11 relevant Sentencing Guidelines provisions, and of the

12 consequences of entering into this agreement.  No promises,

13 inducements, or representations of any kind have been made to me

14 other than those contained in this agreement.  No one has

15 threatened or forced me in any way to enter into this agreement.

16 I am satisfied with the representation of my attorney in this

17 matter, and I am pleading guilty because I am guilty of the

18 charges and wish to take advantage of the promises set forth in

19 this agreement, and not for any other reason.

20

21 _____         7/19/2012
   LABAKE ADEJOKE ONIFADE                 Date
22 Defendant

23

24

25

26

27

28

                                  15

## CERTIFICATION OF DEFENDANT'S ATTORNEY

1

I am defendant's attorney.  I have carefully and thoroughly
discussed every part of this agreement with my client.  Further,
I have fully advised defendant of defendant's rights, of possible
pretrial motions that might be filed, of possible defenses that
might be asserted either prior to or at trial, of the sentencing
factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing
Guidelines provisions, and of the consequences of entering into
this agreement.  To my knowledge: no promises, inducements, or
representations of any kind have been made to my client other
than those contained in this agreement; no one has threatened or
forced my client in any way to enter into this agreement; my
client's decision to enter into this agreement is an informed and
voluntary one; and the factual basis set forth in this agreement
is sufficient to support my client's entry of guilty pleas
pursuant to this agreement.

_____          _7/19/12_____
ANTHONY EGBASE                            Date
Attorney for Defendant
LABAKE ADEJOKE ONIFADE

16